UNITED STATES of America,
Plaintiff–Appellee

v.

Basilia Bustos SALAS, Defendant–
Appellant.

No. 13–50984
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 25, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Basilia Bustos Salas appeals the sentence imposed following her guilty plea convictions for attempted illegal reentry (8 U.S.C. § 1326) and false personation in immigration matters (18 U.S.C. § 1546(a)). She contends that her 46–month within-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a).

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006); *see also Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (upholding the application of the presumption of reasonableness). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

Bustos Salas contends that the presumption of reasonableness should not apply to sentences under U.S.S.G. § 2L1.2 because that Guideline is not empirically based; however, she acknowledges that this argument is foreclosed by circuit precedent. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 366 (5th Cir.2009) We also have rejected the argument that a sentence is unreasonable because the illegal reentry guideline is not based on "empirical data." *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009) (citing *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)). In addition, we have rejected arguments that the alleged double-counting of prior convictions under the Guidelines necessarily renders a sentence unreasonable, *see Duarte,* 569 F.3d at 529–31, and that the Guidelines overstate the seriousness of illegal reentry because it is merely an international trespass offense, *see United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006).

The record reflects that the district court considered Bustos Salas' request for a downward departure or variance and the § 3553(a) factors. It specifically discussed many of the factors for a lesser sentence raised by Bustos Salas, including the "challenges" of her childhood and her cultural assimilation in the United States, as well as negative factors such as her two prior drug convictions, the likelihood she would recidivate based on her criminal history, and her repeated reentries in disregard of immigration law. The district court ultimately concluded that a sentence of 46 months, at the bottom of the applicable guidelines range was "fair," and it specifically found that her family circumstances and any cultural assimilation did not outweigh other sentencing factors, such as the need to protect the public. *See United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008) ("[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant.").

Bustos Salas' arguments are insufficient to rebut the presumption of reasonableness. *See Cooks,* 589 F.3d at 186. Because she has failed to rebut the presumption of reasonableness that this court applies to her within-guidelines sentence, her sentence is AFFIRMED.